IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CPUMATE, INC | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION | § | Civil Action No.  08-242 |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Cpumate, Inc. (hereinafter "Cpumate") brings this action against the Defendant International Business Machines Corporation ("IBM") and for its cause of action alleges:

### The Parties

1. Cpumate, a Taiwan corporation, is a company whose mailing address is No. 13, Wu-Chiuan 5th Rd., Wu-Ku Industrial District, Taipei Hsien, 248, Taiwan, R.O.C.  Cpumate is the owner of U.S. Patent No. 7,021,368, entitled "Heat Dissipating Device With Uniform Heat Points" issued on April 4, 2006.

2. Upon information and belief, IBM is a New York corporation, with its principal place of business at 1 New Orchard Road, Armonk, New York, 10504, and is doing business in this judicial district and elsewhere.  IBM may be served with process by serving its registered agent, CT Corp System, 350 N. St. Paul Street, Dallas, TX 75201.

### Jurisdiction and Venue

3. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281 and Title 28 United States Code, particularly §1338(a). Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

**Claim for Patent Infringement**

4. On April 4, 2006, U.S. Patent No. 7,021,368, entitled "Heat Dissipating Device With Uniform Heat Points" ("the '368 patent") was duly and legally issued. A copy of the '368 patent is attached as Exhibit A and is made a part hereof. Cpumate is the owner of the '368 patent and at all relevant times has had the right to enforce the '368 patent.

5. The '368 patent, in general, relates to a heat dissipating device used in electronic products, such as computers, to dissipate heat generated by the products. More specifically, the claims of the '368 patent relate to such heat dissipating devices with uniform heat points to increase the heat dissipation area of the device, and thereby increase the device's performance.

6. Upon information and belief, IBM incorporates infringing heat dissipating devices within its computers, including the IBM eServer xSeries 200 server. By selling such heat dissipating devices as part of its servers, IBM has infringed and continues to infringe directly, by inducement, or by contributing to the infringement of the claims of the '368 patent, including but not limited to claim 1.

7. As a result of IBM's infringing conduct, IBM has damaged Cpumate. IBM is liable to Cpumate in an amount that adequately compensates Cpumate for the infringement, which by law shall be no less than a reasonable royalty.

8. As a consequence of IBM's infringement, Cpumate has been irreparably damaged and such damage will continue without the issuance of an injunction by this Court.

9. Upon information and belief, IBM's product No. FRU 13N2951 is virtually identical to claim 1 and figure 5 of the '368 patent in all material respects, as well as to the product manufactured by Cpumate (See Exhibit B, comparison of the IBM FRU 13N2951 Heat Sink with Figure 5 of the '368 Patent). Such exacting duplication can only be made possible by

the examination of the '368 patent or the product manufactured by Cpumate. Therefore, IBM has had knowledge of the '368 patent for at least as long as it has sold its product number FRU 13N2951. The activities of IBM, described above, including the infringement of the '368 patent, are therefore willful and deliberate.

## Demand for Jury Trial

10. Cpumate demands a jury trial on all issues triable of right by a jury.

## Prayer for Relief

WHEREFORE, Cpumate prays for entry of judgment:

A. that claim 1 of U.S. Patent No. 7,021,368 has been infringed by IBM and by others whose infringement has been contributed to and/or induced by IBM;

B. that IBM and each of its officers, agents, employees, representatives, successors, assigns and those acting in privity or in concert with them be permanently enjoined from further infringement of U.S. Patent No. 7,021,368.

C. that IBM account for and pay to Cpumate all damages and costs caused by IBM's activities complained of herein;

D. that Cpumate be granted pre-judgment and post-judgment interest on the damages caused by reason of IBM's activity complained of herein;

E. that Cpumate be granted its attorneys' fees in this action;

F. that costs be awarded to Cpumate; and

G. that Cpumate be granted such other and further relief that is just and proper under the circumstances.

Dated: January 22, 2008                         /s/ Edward W. Goldstein_____
                                                                             Edward W. Goldstein
Texas Bar No. 08099500
Christopher M. Faucett
Texas Bar No. 00795198
GOLDSTEIN, FAUCETT & PREBEG, LLP
1177 West Loop South, Suite 400
Houston, Texas  77027
(713) 877-1515 – Telephone
(713) 877-1737 – Facsimile
egoldstein@gfpiplaw.com
cfaucett@gfpiplaw.com

*ATTORNEYS FOR PLAINTIFF*